**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| EVA'S PHOTOGRAPHY, INC., Plaintiff, | |
| v. | Case No: |
| JCK VENTURES, LLC d/b/a TWIST SOCIAL CLUB, Defendant. | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Eva's Photography, Inc. ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant JCK Ventures, LLC d/b/a Twist Social Club ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Elder Ordonez ("*Ordonez*"), a New York-based news and celebrity photographer, created seven photographs of celebrity guests, including Justin Bieber, Hailey Bieber, Jennifer Lopez, Ben Affleck, and Winnie Harlow, at a white-attire summer party in the Hamptons on July 3, 2023 (the "*Photographs*"), in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates a social media account on Instagram at www.instagram.com/twistsocialclub known as @twistsocialclub (the "*Account*").

4. Defendant, without authorization, reproduced and publicly displayed the Photographs in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.



SLG SANDERS · LAW GROUP ·

## PARTIES

5. Plaintiff is a New York corporation and maintains its principal place of business in Queens County, New York.

6. Defendant is an Ohio limited liability company with a principal place of business at 11633 Clifton Boulevard, Cleveland in Cuyahoga County, Ohio.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Ohio.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendant may be found in this District, regularly conducts business in this District, and a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this District, including the unauthorized reproduction, display, distribution, and/or exploitation of Plaintiff's copyrighted work.

## FACTS COMMON TO ALL CLAIMS

### A. Plaintiff's Copyright Ownership

10. Plaintiff is a professional photography company that owns and commercially licenses the photographic works of Ordonez, whose work has been widely published by newspapers, media organizations, editorial publications, digital-media companies, and news outlets.

11. Ordonez has worked as a fashion, news, and celebrity photographer in New York for decades. Over his career he has photographed many of the most recognizable public figures of his era, including Princess Diana, John F. Kennedy Jr., Michael Jackson, and Elizabeth Taylor, as well as today's leading entertainers, and his work reaches an audience of approximately one million followers on Instagram alone.

12. Plaintiff has devoted substantial time, skill, effort, and expense to developing its



SLG SANDERS · LAW GROUP ·

photography business and creating a portfolio of original photographs.

13. Plaintiff's photographs are valuable intellectual property assets that are commercially licensed to publishers, media outlets, websites, businesses, and other third parties for authorized use in both digital and print media.

14. Plaintiff is the copyright owner of numerous original photographic works authored by Ordonez and protected under the Copyright Act, including the Photographs that are the subject of this action.

15. Plaintiff maintains exclusive rights under the Copyright Act, including the rights to reproduce, distribute, license, publicly display, and otherwise exploit its copyrighted photographs.

16. Plaintiff derives income from the licensing and authorized use of its copyrighted works and maintains exclusive rights in those works pursuant to the Copyright Act.

17. Plaintiff relies upon licensing revenue derived from the authorized use of its photographs and actively protects its copyrighted works against unauthorized reproduction, distribution, and display. Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of its copyrighted works, and interferes with the market for authorized licenses.

18. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

19. Plaintiff regularly licenses Plaintiff's photographs to media outlets, brands, and commercial entities for a fee.

20. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

21. On July 3, 2023, Plaintiff first published the Photographs. Copies of the Photographs, numbered 1 through 7, are attached hereto as Exhibit 1.

22. Plaintiff published the Photographs by making them available for commercial licensing to media companies and agencies for the purpose of display and/or public distribution.



SLG SANDERS · LAW GROUP ·

23. In creating each of the Photographs, Ordonez personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

24. Photographs 4 through 7 were registered by the USCO as part of a group registration of published photographs under Registration No. VA 2-366-509, with an effective date of registration of September 15, 2023.

25. Photographs 1 through 3 were registered by the USCO as part of a group registration of published photographs under Registration No. VA 2-396-535, with an effective date of registration of April 24, 2024.

26. Plaintiff created the Photographs with the intention of their being used commercially and for the purpose of display and/or public distribution.

27. Plaintiff acquired the rights in and to the Photographs from Ordonez by way of a valid written transfer agreement.

SLG SANDERS · LAW GROUP ·

**B. <u>Defendant's Infringing Activity</u>**

28. Defendant is the registered owner of the Account and is responsible for its content.

29. Defendant is the operator of the Account and is responsible for its content.

30. The Account is a part of and used to advance Defendant's commercial enterprise.

31. Upon information and belief, the Account forms part of Defendant's commercial enterprise and is used to attract potential customers, promote Defendant's services, increase public visibility, generate business opportunities, and enhance Defendant's brand recognition.

32. Defendant operates Twist Social Club, a long-running LGBTQ+ bar and nightclub in Cleveland's Edgewater neighborhood that generates revenue from drink sales, cover charges, and themed parties and events, which Defendant promotes through the Account.

33. Defendant uses the Account to drive attendance at those revenue-generating events. The Infringement is one example: Defendant used the Photographs to promote its "annual Labor Day White Party" on September 2, 2023, urging its followers to "channel your inner A-list celebrity" at the event and offering free admission to patrons dressed in white.

34. Upon information and belief, Defendant's business model depends in substantial part upon the publication, promotion, and distribution of visual-media content through the Account in order to attract audience attention, increase engagement, enhance brand visibility, expand audience reach, promote products and services, and generate commercial value.

35. Upon information and belief, Defendant is a sophisticated business operating in the hospitality and nightlife industry, in which the use of professional photography and copyrighted content in social-media marketing is prevalent.

36. Upon information and belief, Defendant knew or should have known that the Photographs were protected by copyright, including because the Photographs were of professional quality, depicted some of the most famous celebrities in the world, and were distributed through commercial channels. Despite this, Defendant used the Photographs without seeking permission or obtaining a license.

37. Defendant’s own caption credited the reel containing the Photographs to a third-party social media account, “@thecelebrity_cc,” and did not credit Plaintiff or Ordonez. Defendant therefore knew that the content it was publishing was not its own, yet made no effort to determine who owned the Photographs or to obtain a license.

38. Upon information and belief, Defendant's personnel have significant experience in copyright matters and are familiar with industry practices requiring that photographs used in commercial content, advertising, marketing materials, publications, and social-media posts be properly licensed.

39. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

40. Upon information and belief, Defendant’s internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

SLG SANDERS · LAW GROUP ·

41. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

42. On or about August 25, 2023, without permission or authorization from Plaintiff, Defendant willfully and volitionally reproduced and publicly displayed the Photographs on the Account as part of an on-line post, a short-form video or "reel" that displays each of the Photographs in sequence, at URL https://www.instagram.com/reel/CwYkCcxpIeT (the "*Infringement*"). Copies of screengrabs depicting the Infringement are attached hereto as Exhibit 2.

43. The Photographs were willfully and volitionally reproduced and stored by Defendant as part of the Infringement at URL: https://www.instagram.com/reel/CwYkCcxpIeT.

44. The Infringement contains copies or substantially similar copies of each of Plaintiff's Photographs, including protectable elements such as composition, subject matter, timing, angle, lighting, perspective, and overall expressive content.

45. Plaintiff first observed the Infringement on December 23, 2023.

46. Plaintiff did not know, and had no reason to know, of the Infringement before that date. The Infringement was published on the social media account of a Cleveland nightclub with no connection to Plaintiff and did not credit Plaintiff or Ordonez.

47. The Infringement remains publicly displayed on the Account as of the date of this Complaint. A copy of a screengrab of the Infringement as it appeared on the Account on November 5, 2026 is attached hereto as Exhibit 3.

48. Upon information and belief, the Photographs were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photographs.

49. The Infringement includes a URL ("*Uniform Resource Locator*") that was accessible to the public and remained available for viewing for a non-transitory period of time.

50. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of



SLG SANDERS LAW GROUP

content appearing on the Account, including Plaintiff's Photographs.

51. Defendant exercised control over the content published on its Account and was responsible for selecting, uploading, and displaying the Photographs. Defendant used the Photographs in furtherance of its commercial interests and derived financial benefit from increased user engagement, brand promotion, and/or sales.

52. Upon information and belief, Defendant directly contributes to and exercises control over the content published on the Account by, inter alia, utilizing employees, agents, contractors, administrators, managers, social media managers, and other representatives acting on its behalf, including the personnel responsible for creating and publishing the promotional posts that appear on the Account (collectively, the "*Representatives*").

53. Upon information and belief, Defendant vested its Representatives with actual and/or apparent authority to create, select, upload, publish, edit, modify, remove, monitor, and otherwise manage content appearing on the Account on Defendant's behalf.

54. Upon information and belief, the Representatives acted within the course and scope of their agency, employment, contractual relationship, and/or other authorized relationship with Defendant when creating, selecting, uploading, publishing, displaying, promoting, and/or distributing the content containing Plaintiff's Photographs.

55. Upon information and belief, Defendant authorized, directed, ratified, approved, and/or knowingly permitted the actions of its Representatives with respect to content appearing on the Account, including the content containing Plaintiff's Photographs.

56. Upon information and belief, the Representatives actively reviewed, monitored, edited, managed, moderated, and otherwise exercised control over content appearing on the Account. As a result, Defendant had actual and/or constructive knowledge of the content published thereon, including the Infringement.

57. Upon information and belief, Defendant maintained the right and ability to supervise, control, review, approve, modify, remove, and otherwise regulate content appearing on the Account and exercised such control through its Representatives acting within the course and

scope of their authority.

58. Upon information and belief, the Photographs were intentionally and willfully selected, published, displayed, and distributed by Defendant.

59. Upon information and belief, Defendant is not registered as an internet service provider with the USCO pursuant to 17 U.S.C. §512.

60. Upon information and belief, Defendant is not entitled to the limitations on liability set forth in 17 U.S.C. §512 because the Infringement was selected, uploaded, approved, published, and/or distributed by Defendant and/or its Representatives acting within the scope of their authority.

61. Upon information and belief, the Infringement was not posted at the direction of a "user" within the meaning of 17 U.S.C. §512(c) but instead were affirmatively selected and published by Defendant and/or its Representatives.

62. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

63. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

64. Upon information and belief, Defendant exercised editorial, managerial, and operational control over the content appearing on the Account.

65. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

66. Upon information and belief, Defendant monitors the content on its Account.

67. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

68. Upon information and belief, the Infringement increased engagement with the Account and generated additional audience traffic, brand visibility, consumer interest, promotional value, and commercial value for Defendant.

69. Upon information and belief, Defendant distributed the Infringement to a broad audience through the Account and derived commercial value from the resulting user traffic, engagement, advertising impressions, and/or promotional exposure.

70. Upon information and belief, Defendant derived commercial value from the resulting audience engagement, publicity, promotional exposure, brand visibility, audience growth, increased traffic, and related business-development opportunities associated with the Infringement.

71. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

72. Defendant's use of the Photographs harmed the actual market for the Photographs.

73. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

74. Defendant's unauthorized use usurps the market for licensed uses of the Photographs and undermines Plaintiff's ability to license its works to other commercial entities.

75. On or about July 25, 2025, Plaintiff, through counsel, notified Defendant of the infringing activity described herein and demanded that Defendant cease and desist from its unauthorized use of Plaintiff's copyrighted works and compensate Plaintiff for its unauthorized use thereof.

76. Thereafter, on or about August 25, 2025, Plaintiff, through counsel, sent a follow-up communication seeking to resolve the dispute without litigation and affording Defendant an additional opportunity to address Plaintiff's claims.

77. Despite receiving notice of Plaintiff's claims and being afforded multiple opportunities to resolve the matter amicably, Defendant failed and/or refused to adequately address Plaintiff's claims, thereby necessitating the commencement of this action.



SLG SANDERS · LAW GROUP ·

78. Despite receiving notice of Plaintiff's claims, Defendant has continued to publicly display the Photographs on the Account through the date of this Complaint. Such post-notice conduct evidences Defendant's knowledge of Plaintiff's rights and supports a finding that Defendant's infringement was knowing, intentional, and willful.

79. The commencement of this action was therefore necessary to protect Plaintiff's rights under the Copyright Act.

80. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**FIRST CAUSE OF ACTION**
***(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)***

81. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

82. The Photographs are original, creative works in which Plaintiff owns valid copyrights.

83. The Photographs are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

84. Plaintiff has not granted Defendant a license or the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

85. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

86. Defendant's reproduction and display of the Photographs constitutes willful copyright infringement.

87. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial

benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authority.

88. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed that is eligible for such an award pursuant to 17 U.S.C. §§ 412 and 504(c).

89. Photographs 4 through 7 were registered within three months after their first publication. Accordingly, Plaintiff is entitled to elect an award of statutory damages, and to recover its attorney's fees, with respect to each of those works pursuant to 17 U.S.C. §§ 412(2), 504(c), and 505.

90. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

91. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyrights pursuant to 17 U.S.C. § 502.

SLG SANDERS · LAW GROUP ·

**SECOND CAUSE OF ACTION**

***(Vicarious Copyright Infringement)***

92. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

93. Upon information and belief, at all material times hereto, Defendant possessed and exercised the right and ability to supervise, control, approve, review, modify, remove, and otherwise regulate the conduct of its Representatives with respect to content appearing on the Account.

94. As a direct and proximate result of such conduct, Defendant profited from and materially benefited from the Infringement.

95. Defendant enjoyed a direct financial benefit from the Infringement from, *inter alia*,

the increased attendance, cover charges, and drink sales at the event that the Infringement was used to promote.

96. Upon information and belief, Defendant enjoyed a direct financial benefit from using the appeal or "draw" of Plaintiff's Photographs to increase engagement with the Account and attendance at Defendant's nightclub, thereby increasing its revenue.

97. Defendant is liable as a vicarious infringer because it possessed the right and ability to supervise, control, and prevent the Infringement, derived a direct financial benefit from the Infringement, and failed to prevent or stop the Infringement.

98. Upon information and belief, Defendant willfully vicariously infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code.

99. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed that is eligible for such an award pursuant to 17 U.S.C. §§ 412 and 504(c).

SLG SANDERS LAW GROUP

100. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may award Plaintiff the recovery of its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

101. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of its copyrights pursuant to 17 U.S.C. § 502.

## JURY DEMAND

102. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501

SLG SANDERS · LAW GROUP ·

*et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photographs by copying, reproducing, distributing, publishing, and publicly displaying them without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each copyrighted work infringed that is eligible for such an award pursuant to 17 U.S.C. §§ 412 and 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: November 9, 2026

**SANDERS LAW GROUP**

By: *<u>/s/ Craig Sanders</u>*
Craig Sanders, Esq.
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 130363

*Attorneys for Plaintiff*